IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK JAMES BYRNE, JR.,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 23-5071 |
| | : | |
| **THE BERKS COUNTY JAIL,** *et al.* | : | |
| Defendants. | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                                   **January 18, 2024**

Plaintiff Frank James Byrne, Jr., filed this action alleging violations of his rights based on events that occurred while he was housed at the Berks County Jail. Named as Defendants are the Berks County Jail,[1] PrimeCare Medical, Nurse Shannon, and Corrections Officer Nolf. (*See* DI 2 (Compl.) at 2-3.)[2] All Defendants are sued in their official and individual capacities. (*Id.*) Mr. Byrne also seeks leave to proceed in forma pauperis. For the following reasons, the Court will grant Mr. Byrne leave to proceed in forma pauperis and dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

I.  **FACTUAL ALLEGATIONS**[3]

Utilizing a form Complaint, Mr. Byrne alleges that on September 19, 2023 his privacy rights pursuant to the Health Insurance Portability and Accountability Act **("HIPAA")** were

---

[1] Although Berks County Jail is listed on the caption of the Complaint (*see* Compl. at 1), Mr. Byrne does not name the jail as a separate defendant in the area of the form Complaint that directs the litigant to provide information "for each defendant named in the complaint." (*Id.* at 2-3.) Accordingly, it is unclear whether Mr. Byrne intended to name the jail as a defendant in this case.

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] The factual allegations are taken from the Complaint.

violated when Nurse Shannon told Corrections Officer Nolf what prescription medications Mr. Byrne was taking. (Compl. at 3, 5.) Mr. Byrne asserts that Nurse Shannon conveyed this information "in front of a whole day room," and he has four to five witnesses to attest to this violation. (*Id.* at 5.) Mr. Byrne contends that the "H.I.P.P.A. [sic] privacy signed on [April 5, 2023]" was broken. (*Id.*) As relief for the "H.I.P.P.A. [sic] privacy violations," Mr. Byrne seeks $15 million in monetary damages. (*Id.*)

II.   **STANDARD OF REVIEW**

The Court grants Mr. Byrne leave to proceed in forma pauperis because it appears that he does not have the ability to pre-pay the fees to commence this case.[4] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S.

---

[4] However, as Mr. Byrne is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

at 678.  As Mr. Byrne is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Mr. Byrne seeks to bring claims pursuant to HIPAA.  However, that statute does not provide for a federal private right of action.  *See Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011); *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010); *Webb v. Smart Document Sols., LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v. Banks,* 470 F.3d 569 (5th Cir. 2006); *Altavilla v. Geisinger Wyo. Valley Med. Ctr.*, Civ. A. No. 17-1704, 2018 WL 1630961, at *2 (M.D. Pa. Mar. 12, 2018), *report and recommendation adopted,* 2018 WL 1629870 (M.D. Pa. Apr. 4, 2018) ("'The ability to bring an enforcement action to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA compliant, lies within the exclusive province of the Secretary of Health and Human Services, not the hands of private citizens.'" (quoting *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013)).  Accordingly, Mr. Bryne's claims asserting violations of HIPAA are dismissed with prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Mr. Byrne leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr. Byrne will not be given leave to file an amended complaint because he cannot cure the defects in his claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).